### John Frazee v. Charles T. Inslee and wife and Samuel Campbell.

Where a mortgagee intentionally and understandingly cancels his mortgage, and in lieu thereof takes a deed for the same premises, and the mortgagor executes a second mortgage upon the premises prior to the deed, the first mortgage, in the absence of fraud, will not be revived, nor the second mortgagee prevented from reaping the benefit of his priority acquired by the cancellation of the first mortgage.[*]

Bill for the foreclosure of a mortgage given by Inslee and wife to the complainant. The bill states that the mortgage bears date on the 8th of September, 1836, and that Inslee and wife afterwards, by deed, conveyed the mortgaged premises to Campbell, the other defendant. The bill is silent as to the fact of the acknowledgment or recording of either instrument.

Samuel Campbell, in his answer, states, that on or about the 8th of September, 1836, the complainant placed in the hands of one Elias Stansbury, as his agent, a sum of money to be invested on interest. That Stansbury at that time loaned three hundred dollars of said money to Charles T. Inslee, and several months afterwards loaned him the further sum of two hundred dol-

[*] See Garwood v. Adm'rs of Eldridge, ante, 145.

lars, and at the time of the last advancement the bond and mortgage mentioned in the complainant's bill were executed. That on the 25th of November, 1836, Inslee and wife executed to Campbell a mortgage upon the same premises, to secure the payment of a bond of seven hundred dollars, then given by Inslee to Campbell, which was acknowledged upon the same day, and recorded on the third day of December ensuing. That at the time of the recording of said deed the premises were unincumbered, and the complainant's mortgage was not on record. That on the 21st of April, 1837, Inslee applied to Campbell, and urged him to pay one hundred dollars, to cancel the bond and mortgage he held against Inslee, and to take a deed in fee simple for the mortgaged premises; that the said Elias Stansbury also solicited Campbell to make this arrangement, urging as a reason, that Inslee was insolvent, and that it would be to Campbell's interest thus to shift his security. That Campbell agreed to the proposition provided the property was entirely free from incumbrances, which both Inslee and Stansbury affirmed was the case. That on the 21st of April, 1837, the records were searched, and there was no incumbrance upon the property, excepting Campbell's own mortgage for seven hundred dollars; and on the same day Inslee and wife executed and acknowledged to Campbell a conveyance in fee of the premises, which was recorded on the next day. That simultaneously with the execution of the deed, Campbell cancelled his bond and mortgage upon the premises. That Stansbury, in procuring the mortgage from Inslee and wife to the complainant, and also in inducing Campbell to cancel his mortgage and take a deed for the premises, acted as the agent of the complainant; and that Campbell was fraudulently induced to cancel his mortgage. The answer denies all knowledge on the part of Campbell of the complainant's mortgage; insists that Campbell is a bona fide purchaser without notice, and that he is entitled to hold the premises by virtue of his deed, clear of the complainant's mortgage; or that Campbell's mortgage should be revived, and first paid out of the mortgaged premises.

[Frazee v. Inslee and Campbell.]

The cause was heard upon the bill, answer, replication and proofs.

*S. Scudder*, for complainant.

*B. Williamson*, for Campbell, one of the defendants.

THE CHANCELLOR.   The complainant's mortgage bears the earliest date of any of the present incumbrances on the property which it covers.   It is said to be antedated, but it is not so proved, and if it might be surmised from the attendant circumstances that it does not carry its true date, yet it does not appear when it was in fact executed.   The money for which this mortgage was given was applied to pay off a previous mortgage held by Samuel Oliver on the property, and the complainant might by assignment of such mortgage have been placed as the first incumbrancer.   I suppose the complainant's was in fact, therefore, the first lien, and was so intended to be.   By the neglect of Mr. Stansbury, the complainant's agent, as he swears, the mortgage was not placed on record until after Samuel Campbell's mortgage for seven hundred dollars, which bears a later date.   After the complainant placed his mortgage on record, Samuel Campbell cancelled his mortgage of record, and took a deed from Inslee and wife for the property.   This places the parties again as they originally stood; the complainant's mortgage first, and Mr. Campbell's second.   It seems that the complainant's mortgage was received in the office to be registered on the 21st of April, 1837, at half-past ten in the morning, and the mortgage of Campbell was cancelled and his deed recorded on the next day.

The defendant alleges, that his mortgage was cancelled and his deed taken by the fraudulent management and misrepresentation of Elias Stansbury, the complainant's agent.   Had this been made out in the proof, I should readily have protected the defendant; but there is, in my opinion, a failure to sustain by evidence this part of the case.   There is, it is true, an appearance of a studied silence on the part of Stansbury respecting the com-

32

plainant's mortgage, and a promptness in putting it on record at the time when he knew the parties were negociating to sell the land to Campbell; and I have no doubt he intended, if they did sell, that the complainant's mortgage should stand as a lien on the property. But was all this in any way fraudulent? He was not bound to give information, unless he pleased, that he held in his hands a mortgage; but he takes it to the public office, and there places it on record, to be seen by every body. The only act that I perceive Stansbury charged with by the evidence is, that he recommended to Campbell to take a deed. There is no doubt that the mortgage of complainant was at the clerk's office the day before the defendant cancelled his mortgage or took his deed. He examined the records, and it seems the clerk gave him wrong information. He did not, when inquired of, inform him that this mortgage of complainant was left there for record. That it was there, however, at the time, I see nothing from the evidence to make me doubt. The clerk's certificate on the back of it says it was recorded on the 21st of April. In the absence of any proof of fraud by the complainant, or his agent, when the mortgage was cancelled intentionally and understandingly by the defendant, and a deed taken for the same property, I cannot upon any safe principle revive the mortgage, or prevent the complainant from reaping the benefit of his rights as a first mortgagee. This would be giving encouragement to negligence, and destroy the value of a public record. It is to be observed, that the defendant has no certificate from the clerk of any search, but the evidence is, that the clerk's deputy told him, upon enquiry, that there were only certain incumbrances on the property, omitting that of the complainant. It further appears, from the testimony of Jeremiah Crocheron, that before taking the deed he mentioned to the defendant, Campbell, the existence of this mortgage—that he got his information from Inslee; to which Campbell said, he would run the risk of that, for he had searched. This information, coming directly from Inslee, should, at any rate, have put him on enquiry and more diligent investigation. This enquiry of the clerk was made the day before the mortgage

was cancelled, and the mortgage and deed were brought to the office by Campbell himself. He then had a further opportunity to examine the records, had he been disposed so to do. The whole evidence is obscure and uncertain. It is not quite clear from Bigbie's evidence, what part of the day it was on the 21st—whether before or after dinner—that he saw Mr. Campbell. It might have been before the complainant's mortgage was brought to the office on that day, though I should infer the contrary.

As the defendant has failed to sustain his case by sufficient evidence, the complainant is entitled to the ordinary decree on his mortgage.

Decree accordingly.